# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **OAKWOOD UNIVERSITY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 5:23-CV-00916 |
| ) | |
| **DYNAMIC CAMPUS** ) | |
| **SOLUTIONS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT DYNAMIC CAMPUS SOLUTIONS, INC.'S MOTION TO DISMISS

COMES NOW Defendant, Dynamic Campus Solutions, Inc. ("**Dynamic Campus**") and, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6), moves the Court to dismiss with prejudice Plaintiff Oakwood University ("**Oakwood**")'s Complaint (the "**Complaint**") because Oakwood has brought this action in an improper venue and because the Complaint fails to state a claim upon which relief can be granted. In support thereof, Dynamic Campus states as follows:

### I.      FACTUAL BACKGROUND

1.   This case arises from a business dispute between the parties whereby Dynamic Campus provided technology services to Oakwood, and Oakwood failed to pay Dynamic Campus for the services rendered in breach of the service agreement executed by the parties.

1

2. In response, and prior to Oakwood bringing the present action, Dynamic Campus sued Oakwood for breach of the service agreement. That action, styled *Dynamic Campus Solutions, Inc. v. Oakwood University, Inc.*, 47-cv-2022-901218, was filed on November 3, 2022, in the Circuit Court of Madison County, Alabama (the "**First State Court Action**"). A true and correct copy of that Complaint is attached to this Motion as **Exhibit A**.

3. The First State Court Action was subsequently resolved in mediation, and the parties signed an agreement (the "**Settlement Agreement**") on January 17, 2023. A true and correct copy of the Settlement Agreement is attached to this Motion as **Exhibit B**.[1]

4. The Settlement Agreement contained, among other things, a confidentiality provision and a non-disparagement provision agreed upon by both parties.

5. Shortly after resolution of the First State Court Action, Dynamic Campus learned that Oakwood, in clear breach of the Settlement Agreement, uploaded a video to YouTube defaming Dynamic Campus on February 14, 2023. Oakwood's defamatory statements concerned, in part, Dynamic Campus's performance under the service agreement between the parties.

---

[1] The redacted Settlement Agreement attached hereto is a true and correct copy of what was filed in the Second State Court Action. *See infra* **Exhibit C**.

6. Oakwood's statements, which Dynamic Campus vigorously disputes, substantially mirror the allegations that Oakwood has made against Dynamic Campus in the present action. Specifically, Oakwood's statements and its asserted claims against Dynamic Campus arise from the March 2022 ransomware attack referenced in Oakwood's Complaint and Dynamic Campus's purportedly inadequate response to the same.

7. Oakwood's actions prompted Dynamic Campus to file a second lawsuit Dynamic Campus, styled *Dynamic Campus Solutions, Inc. v. Oakwood University, Inc.*, 47-cv-2023-900210. That action, which is currently pending in the Circuit Court of Madison County, Alabama, was filed on February 27, 2023 (the "**Second State Court Action**"). A true and correct copy of the Second Amended Complaint is attached to this Motion as **Exhibit C**.

8. Oakwood's claims in the present action arise from the same transaction or occurrence that provided the basis for Dynamic Campus to sue Oakwood in both the First and Second State Court Actions (collectively referred to as the "**State Court Actions**"). Attached to this Motion as **Exhibit D** is a five-page chart comparing the averments in Dynamic Campus's Second Amended Complaint in the Second State Court Action with the averments in Oakwood's First Amended Complaint in the present action.

9. The numerous, overlapping averments in both Complaints make it abundantly clear that Dynamic Campus's defamation and business disparagement claims most certainly arise from the same transaction or occurrence that is the basis of Oakwood's claims in the present action. Thus, these claims were known and available to Oakwood at the time it answered the State Court Actions; the second of which is currently pending in the Circuit Court of Madison County, Alabama.

10. Despite the parties' claims arising from the same transaction or occurrence (*Dynamic Campus's provision of IT services pursuant to the parties' services agreement and the March 2022 ransomware event*) Oakwood did not file any counterclaims against Dynamic Campus in either of the State Court Actions. Rather than file its compulsory counterclaims against Dynamic Campus, Oakwood instead opted to engage in forum shopping and improperly sued Dynamic Campus separately in this action currently before this Court on July 14, 2023 (the "**Federal Action**").

## II.   ARGUMENT

**A. Oakwood's claims against Dynamic Campus are barred as compulsory counterclaims under applicable Alabama law.**

11. As noted *supra*, the procedural history between the parties involves two State Court Actions and the present Federal Action. The Eleventh Circuit has held, "Whether failure to bring a compulsory counterclaim in a prior state court proceeding bars a diversity action on that claim in a federal district court, depends

4

upon state law." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380 (11th Cir. 1991).

12. Applying the Eleventh Circuit's holding in a similar situation involving a state-court defendant filing suit against the same adverse party in federal court, the Middle District of Alabama applied the Alabama Rules of Civil Procedure to determine whether the federal suit should be dismissed for the state-court defendant's failure to bring its compulsory counterclaims. *Ferrari v. E-Rate Consulting Servs.*, 655 F. Supp. 2d 1194, 1199 (M.D. Ala. 2009).[2]

13. The Middle District, applying Rule 13(a) of the Alabama Rules of Civil Procedure, found, "The rule has two requirements: (1) that the claims arise from the same transaction or occurrence, and (2) that they be available to the defendant at the time she serves her answer in the first case." *Id.* Here, both of those requirements are clearly met.

14. Oakwood's claims against Dynamic Campus in the Federal Action meet both of the above requirements. First, Oakwood has asserted, *inter alia*, claims against Dynamic Campus for breach of contract, negligence, and promissory fraud. [ECF 1 at 11 *et passim*].

15. The contract at issue in Oakwood's breach of contract claim against

---

[2] Although federal courts have applied the Alabama Rules of Civil Procedure in these instances, Oakwood's claims would likewise be barred by the corresponding Federal Rule of Civil Procedure 13(a). *See Ferrari*, 655 F. Supp. 2d at 1198 (noting that the Alabama Rule "tracks Rule 13(a) of the Federal Rules of Civil Procedure, whose purpose is to prevent multiplicity of actions by resolving in a single lawsuit all disputes arising out of common matters").

5

Dynamic Campus in the Federal Action is the very same contract that was at issue in Dynamic Campus's breach of contract claim *against Oakwood* in the First State Court Action. [ECF 1 at 4; *see also* **Exhibit A**]. Indeed, all seven of Oakwood's claims in the Federal Action arise out of the service agreement that the parties have already litigated and resolved via the Settlement Agreement. *See* **Exhibit B**.

16. The Supreme Court of Alabama set forth a "logical relationship" test in *Ex parte Parsons & Whittemore*, 658 So. 2d 414 (Ala. 1995), to determine whether subsequent claims are compulsory counterclaims to original claims.

17. Applying the logical relationship test, the Supreme Court of Alabama held that compulsory counterclaims arise when "multiple claims involve many of the same factual issues, or the same factual and legal issues, or [claims that] are offshoots of the same basic controversy between the parties..." *Ex parte Parsons & Whittemore Ala. Pine Const. Corp.*, 658 So. 2d 414, 418 (Ala. 1995).

18. Federal courts have found that the logical relationship standard is a "loose one that permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Estate of Carter v. SSC Selma Operating Co. LLC*, No. 2:19-CV-00431-JB-M, 2020 U.S. Dist. LEXIS 109618, at *9 (S.D. Ala. June 23, 2020).

19. Although a loose interpretation is permitted by the law, it is not needed here. Oakwood makes no effort to conceal the fact that its claims against Dynamic

Campus in this case arise from the same contract that was the subject of the First State Court Action. [ECF 1 at 4; *see also* **Exhibit A**].

20. Furthermore, the Second State Court Action concerns statements made by Oakwood concerning Dynamic Campus's purportedly negligent conduct during and after the March 2022 ransomware attack. As noted *supra*, Oakwood's claims in the Federal Action mirror its prior, defamatory statements that are at issue in the Second State Court Action. *See* **Exhibit D**. Discovery will establish the truth or falsehood of Oakwood's statements; therefore, such discovery will also go to the merits of Oakwood's claims in this matter. It would be a pointless waste of judicial resources for the parties to conduct redundant discovery over the same basic factual issues in two parallel actions, one in state court and the other in federal court.

21. Given that Oakwood's claims arise from the same factual and legal issues as Dynamic Campus's claims *against Oakwood*, there is no plausible argument that Oakwood's claims were not "available" to it at the time it responded to Dynamic Campus's complaints in either of the State Court Actions, thus satisfying the second prong identified by the Middle District in the *Ferrari* case. *See* 655 F. Supp. 2d at 1199. Additionally, the parties continue to litigate the same factual issues in the Second State Court Action.

22. To the extent that the Eleventh Circuit held in the *Montgomery Ward* case that state law is dispositive on this issue, further support for dismissal may be found in Alabama's abatement statute, codified at Ala. Code 1975 § 6-5-440.

23. That statute provides, in relevant part, that:

> **No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party**. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

Ala. Code (1975) § 6-5-440 (emphasis added).

24. The statute's phrase "courts of this state" includes both the state and federal courts located within the state's borders. *Solar Reflections, LLC v. Solar Reflections Glass Tinting, LLC*, 256 F. Supp. 3d 1248, 1252 (N.D. Ala. 2017). Therefore, there is no distinction between the State Court Actions and the Federal Action for purposes of Alabama's abatement statute.

25. The Supreme Court of Alabama has held that "[section] 6–5–440 also acts to bar a subsequent action by a party who first appeared as the defendant in a prior action." *Ex parte Parsons & Whittemore*, 658 So. 2d at 419.

26. Oakwood has appeared as a defendant in both State Court Actions.

27. Even if the Court determines that Oakwood's claims in the Federal Action are not compulsory counterclaims that should have been brought in the First

8

State Court Action, Oakwood's claims are certainly compulsory counterclaims in the pending Second State Court Action.

28. Indeed, judicial economy favors the dismissal of this case and the adjudication of all claims between the parties in the Second State Court Action. Dismissing the Federal Action and resolving all claims between the parties in the Second State Court Action would conserve judicial resources and avoid the possibility of inconsistent rulings. For instance, if Oakwood's statements concerning Dynamic Campus's actions in connection with the March 2022 ransomware event are in fact found to be defamatory in the Second State Court Action that would largely be dispositive of Oakwood's claims in the present action; because Oakwood's claims in this action are largely dependent upon the truth of those alleged defamatory or disparaging statements presently at issue in the Second Stae Court Action.

29. The Circuit Court of Madison County, where the Second State Court Action is currently pending, is the more appropriate venue for Oakwood's claims. Indeed, since Oakwood's claims in the Federal Action are compulsory counterclaims in the Second State Court Action, the Circuit Court of Madison County is also the proper forum for Oakwood's claims.

30. Oakwood's efforts to litigate its compulsory counterclaims in federal court is an impermissible attempt at forum shopping. Given the pending Second

State Court Action, this Court is not the proper forum to litigate Oakwood's claims. See *Ex parte Breman Lake View Resort, Ltd. P'ship*, 729 So. 2d 849, 852 (Ala. 1999)(the Alabama Supreme Court finding that the proper venue for compulsory counterclaims is the venue of the prior-filed action). Therefore, Oakwood's Complaint should be dismissed pursuant to Rule 12(b)(3) and the doctrine of *forum non conveniens*.

31. Based on the foregoing, Oakwood's claims in the Federal Action are compulsory counterclaims, and Dynamic Campus respectfully requests that Oakwood's Complaint be dismissed.

### III. CONCLUSION

The law is clear that, having been sued by Dynamic Campus for breach of contract in the first-filed State Court Action, any separate action later filed by Oakwood against Dynamic Campus arising out of the parties' contractual relationship constitutes a compulsory counterclaim and is thus barred by Rule 13(a) and by the Alabama abatement statute. Likewise, having been sued by Dynamic Campus for defamation and business disparagement for numerous statements Oakwood made about ransomware event and Dynamic Campus's actions in connection therewith in the second-filed State Court Action, any separate action later filed by Oakwood against Dynamic Campus arising out of the same occurrence, the ransomware event, constitutes a compulsory counterclaim. Oakwood's claims are

best adjudicated in the ongoing Second State Court Action, which is the more appropriate venue and the proper forum to resolve the claims between the parties. Furthermore, Dynamic Campus does not waive, and hereby expressly asserts, the remaining Rule 12(b) grounds for dismissal, including, without limitation: lack of subject-matter jurisdiction; lack of personal jurisdiction; insufficient process; insufficient service of process; and failure to join an indispensable party.

For these reasons, Oakwood's Complaint should be dismissed as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Campus Solutions, Inc. respectfully moves the Court, pursuant to Federal Rule of Procedure 12(b)(3) and 12(b)(6), to dismiss with prejudice Plaintiff Oakwood University, Inc.'s Complaint because Oakwood has brought this action in an improper venue and because the Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted this 15th day of September, 2023.

/s/Michael A. Vercher
Michael A. Vercher (ASB-1056-E19D)
Robert A. Yarbro (ASB-2053-F21Q)
*Attorneys for Defendant, Dynamic Campus Campus Solutions, Inc.*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
rayarbro@csattorneys.com
mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of September, 2023 a copy of the above and foregoing instrument was filed with the Court using the Pacer CM/ECF electronic filing system which will serve all parties through their counsel of record, as follows:

David B. Block
Reave W. Shewmake
Butler Snow LLP
200 West Side Square, Suite 100
Huntsville, AL 35801
(256) 936-5650
Fax: (256) 936-5651
David.block@butlersnow.com
Reave.shewmake@butlersnow.com
*Attorneys for Plaintiff*

Margaret Loveman
Butler Snow LLP
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203
(205) 297-2200
Margaret.loveman@butlersnow.com
*Attorney for Plaintiff*

                                              /s/*Michael A. Vercher*
                                              OF COUNSEL